■ LESTER MARINO, Appellant, v MARY MARINO, Respondent. [717 NYS2d 631] —In a matrimonial action in which the parties were divorced by a judgment entered May 13, 1994, the plaintiff former husband appeals from an order of the Supreme Court, Nassau County (Schaffer, R.), dated September 21, 1999, which denied his motion to modify a Qualified Domestic Relations Order entered November 1, 1995, providing a share of his pension to the defendant former wife.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Qualified Domestic Relations Order was consistent with the stipulation of settlement made in open court, which was incorporated but not merged into the judgment of divorce. It is clear from the stipulation and the judgment of divorce as a whole that the parties agreed that the value of the defendant's 50% share of the marital portion of the pension, including any increase in the value in the "pension credits," would be determined as of the date she received it, that is, the date the plaintiff retired (*see, Olivo v Olivo,* 82 NY2d 202; *Majauskas v Majauskas,* 61 NY2d 481). References in the stipulation to a stated value for the pension plan at the time the divorce action commenced were intended solely as a way to identify each of the plaintiff's two pension plans. Accordingly, the Supreme Court properly denied the plaintiff's motion to modify the Qualified Domestic Relations Order. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.